NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**SANDRA E. SIMMONS,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

---

2014-3142

---

Petition for review of the Merit Systems Protection Board in No. DC-0432-13-1309-I-1.

---

Decided: February 6, 2015

---

SANDRA E. SIMMONS, Washington, DC, pro se.

SARA B. REARDEN, Office of the General Counsel, Merit Systems Protection Board, Washington, DC, for respondent. Also represented by BRYAN G. POLISUK.

---

Before DYK, MOORE, and O'MALLEY, *Circuit Judges.*

PER CURIAM.

Sandra E. Simmons appeals from the decision of the Merit Systems Protection Board dismissing her appeal as untimely filed.  We *affirm*.

## BACKGROUND

In a March 1, 2013 Notice of Removal, the Department of Health and Human Services ("the Agency") removed Ms. Simmons from her position as a clerical assistant effective March 8, 2013.  The Notice to Ms. Simmons notified her of her appeal rights to the Board and explained that she must file any appeal no later than 30 days after the effective date or 30 days after her receipt of the Notice, whichever was later.  Ms. Simmons filed an appeal to the Board by facsimile at the end of July 2013, nearly four months after the deadline.  The Agency moved to dismiss the appeal as untimely filed.  The administrative judge ("AJ") issued a show cause order instructing Ms. Simmons to show either that the appeal was timely filed or that good cause existed for waiving the time limit.

In response to the show cause order, Ms. Simmons submitted an affidavit explaining that she originally attempted to file her appeal on March 5, 2013 using the Board's electronic system and had received a confirmation number.  R.A. 17.  However, she stated that she received an e-mail from the Board later that morning explaining that the appeal had not yet been submitted and detailing instructions for completing the process.  R.A. 19 ("You have drafted an appeal to the [Board].  Your appeal has not yet been submitted.").  Ms. Simmons explained that "[t]he tech people opened up a case," and that she subsequently "went online and re-submitted the appeal."  R.A. 17.  Ms. Simmons further explained that on March 26 she received an e-mail from the Board's technical support team explaining that the "incident . . . has been resolved."  R.A. 17, 20.  Ms. Simmons stated that

based on this statement, she understood her appeal to have been timely filed. In May and June, Ms. Simmons contacted the Board to determine the status of her appeal, and in July, Ms. Simmons faxed her appeal to the Board. R.A. 17. Ms. Simmons argued that she timely filed her appeal in March or that good cause existed for her delay because the March 26 e-mail led her to reasonably believe that the appeal was timely filed.

The AJ issued an Initial Decision dismissing the appeal as untimely filed. *Simmons v. Dep't of Health & Human Servs.*, No. DC-0432-13-1309-I-1 (M.S.P.B. Apr. 17, 2014) ("*Initial Decision*"). The AJ found that the Notice of Removal informed Ms. Simmons of her appeal rights and responsibility, but that despite the notice, Ms. Simmons did not file her appeal until July when she faxed it to the Board. *Id.* at 4-5. The AJ also determined that no good cause existed for the delay. In particular, the AJ found it was not reasonable for Ms. Simmons to believe, based on the March 26 e-mail, that the appeal had been submitted because in addition to the portion of the March 26 e-mail informing Ms. Simmons that her "incident . . . has been resolved," the e-mail also explicitly informed her that, "[w]e show that you have started your initial appeal, but you have not yet submitted it," and then provided her with instructions for submitting the appeal. *Id.* at 3-6; *see* R.A. 20. The AJ also found that Ms. Simmons did not diligently pursue her appeal because she waited until July to fax it to the Board. *Initial Decision* at 5. The AJ also determined that Ms. Simmons was represented by an attorney and that the delay of nearly four months was "significant," both factors weighing against finding good cause. *Id.* at 4. Ms. Simmons did not petition the Board to review the Initial Decision and it became the Board's final decision. This appeal followed. We have jurisdiction under 28 U.S.C. § 1295(a)(9).

DISCUSSION

On appeal, Ms. Simmons does not challenge the Board's finding that her appeal was untimely. In any event, substantial evidence supports the Board's finding that Ms. Simmons did not file her appeal until she submitted it via fax in July, nearly four months after the filing deadline. Thus, the only issue on appeal is the Board's decision not to waive the time limit.

We must affirm the Board's decision unless it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c) (2012). The Board's determination of whether to waive the time limit based on a showing of good cause "is a matter committed to the Board's discretion and this court will not substitute its own judgment for that of the Board." *Mendoza v. Merit Sys. Prot. Bd.*, 966 F.2d 650, 653 (Fed. Cir. 1992) (en banc). In determining whether good cause exists for waiving the deadline, the Board considers factors such as whether the appellant was pro se, the length of the delay, the reasonableness of the excuse provided by the appellant, whether the appellant exercised due diligence, and whether the appellant presented evidence of the existence of circumstances beyond her control that affected her ability to comply with the time limits. *See, e.g.*, *Walls v. Merit Sys. Prot. Bd.*, 29 F.3d 1578, 1582-83 (Fed. Cir. 1994); *Alonzo v. Dep't of Air Force*, 4 M.S.P.R. 180, 184 (1980).

We hold that the Board's refusal to waive the time limit for Ms. Simmons to file her appeal was not arbitrary, capricious, or an abuse of discretion. The Board correctly determined that Ms. Simmons' representation by an attorney and the significant length of delay weighed against waiving the time limit. Moreover, the evidence of

record supports the Board's findings that Ms. Simmons' excuse for delayed filing was not reasonable and that she did not exercise due diligence in filing. As the Board found, the March 26 e-mail—like the March 5 e-mail—made clear to Ms. Simmons that "you have started your initial appeal, but you have not yet submitted it." R.A. 20. It then provided Ms. Simmons with instructions for completing the appeal and provided a number for her to contact if she was still experiencing issues. *Id.* Yet Ms. Simmons took no further action until July. As the Board concluded, the March 5 and 26 e-mails "speak for themselves. It was not reasonable for [Ms. Simmons] to interpret them to mean her appeal had been properly filed as of March 2013 and to require no further action on her part." *Initial Decision* at 5.

Ms. Simmons argues for the first time on appeal that good cause exists for waiving the time limit because she received "improper legal advice" from her attorney who "failed to provide her with ethical and true services." Petitioner's Br. at 2. Even if this argument were properly before us, it does not excuse Ms. Simmons' untimely appeal. An appellant cannot escape the consequences of her untimely appeal even if it was based on following the improper advice of her attorney. *Rowe v. Merit Sys. Prot. Bd.*, 802 F.2d 434, 437-38 (Fed. Cir. 1986). And any delay caused by Ms. Simmons' representative "will not constitute good cause except where the representative thwarts [her] diligent efforts to prosecute [her] appeal." *Green v. Dep't of Air Force*, 83 M.S.P.R. 333, 334 (1999). Nothing in the record suggests that Ms. Simmons' attorney thwarted her efforts to file a timely appeal, and therefore Ms. Simmons cannot rely on any alleged conduct of her attorney to show the required good cause.

CONCLUSION

Because the Board did not abuse its discretion in refusing to waive the time limit for Ms. Simmons to file her appeal, we *affirm*.

## AFFIRMED

COSTS

No Costs.